

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00143-CV
_____


IN RE:
GLADEWATER HEALTHCARE CENTER,
IN ITS ASSUMED OR COMMON NAME, ET AL.


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Relators, corporate healthcare entities operating nursing homes in Upshur County, have filed in this Court petitions for writs of mandamus relating to four long-pending healthcare liability actions. In this cause, a companion case to *In re Gladewater Healthcare Center*, cause number 06-08-00141-CV, Relators challenge the trial court's denial of a motion to dismiss trial court cause number 605-03 styled *Grabbs v. Gladewater Healthcare Center*. The cause was originally filed in August 2003, as were the other three pending cases.

We note that, in this cause, we have nothing in the record that would suggest the trial court had set a date for trial. This fact could distinguish the instant case from the cause examined in our cause number 06-08-00141-CV, the opinion issued this same day. We believe such a distinction could be relevant under other circumstances to the application of the Texas Supreme Court's discussion of reasons why review of these claims by mandamus would be unavailable:

> For many of the same reasons, we acknowledge that mandamus review should not be granted in every pre-2003 case. The statute was intended to preclude extensive discovery and prolonged litigation in frivolous cases; review by mandamus may actually defeat those goals if discovery is complete, trial is imminent, or the existing expert reports show a case is not frivolous. But if the legislative purposes behind the statute are still attainable through mandamus review, Texas courts should not frustrate those purposes by a too-strict application of our own procedural devices.

*In re McAllen Med. Ctr., Inc.*, No. 05-0892, 2008 Tex. LEXIS 759, at *19 (Tex. Aug. 29, 2008) (orig. proceeding).

Here, however, considering the other factors mentioned in *McAllen Medical Center* (the length the case has been pending, the detailed nature of the expert reports, and the time for discovery), we believe that the outcome in the instant case remains the same. Further, the trial court's denial of the motion to dismiss this case is not a clear abuse of discretion for the same reasons as discussed in *In re Gladewater Healthcare Center*, cause number 06-08-00141-CV. That is, the expert reports filed in this case are also sufficiently detailed such that the trial court was not required to dismiss the cause of action. That said, the petition for writ of mandamus in this cause is, likewise, denied.

Jack Carter
Justice

Date Submitted:     February 24, 2009
Date Decided:       February 25, 2009